Filed 4/8/16  P. v. Molina CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079950 |
| Plaintiff and Respondent, | (Super. Ct. No. SF130452A) |
| v. | |
| VICTOR MOLINA, | |
| Defendant and Appellant. | |

Defendant Victor Molina was convicted of attempted robbery for approaching two strangers at a park and demanding they give him money he claimed they owed him.  On appeal, he contends the trial court erred in refusing to instruct the jury on the claim of right defense.  Because claim of right does not apply to taking money from a debtor by force, we affirm.

**BACKGROUND**

In the afternoon, defendant approached two women sitting at a park picnic table. He started yelling at them.  The women recalled him saying, "Ya all [*sic*] bitches better have my money" and "Bitch, you owe me my money.  You're going to give it to me."

1

One of the women saw defendant was holding a knife, so she called 911. The other woman yelled back at defendant, saying she did not know him and did not owe him anything. Defendant shot back, "Yeah, you do know me. . . . You owe me that money, bitch." He then brandished the knife and continued, "Ya all going to pay me my money because ya all bitches owe me." (*Sic.*) The first woman then told defendant she was calling the police, and defendant walked away saying, "You all bitches are going to pay me one way or another" and "you guys are still going to pay me my money."

Shortly afterward, the police encountered defendant about five blocks from the park and arrested him. Other officers transported the women to where defendant was being held and the women identified him. Neither woman knew defendant.

At trial, defense counsel requested an instruction on the claim of right defense. (CALCRIM No. 1863.) That instruction provides, in relevant part: "If the defendant obtained property under a claim of right, he did not have the intent required for the crime of (theft/ or robbery).

"The defendant obtained property under a claim of right if he believed in good faith that he had a right to the specific property or a specific amount of money, and he openly took it.

". . . The defendant may hold a belief in good faith even if the belief is mistaken or unreasonable."

Defense counsel argued defendant believed the victims owed him money. Even if he was wrong, a good faith belief of a claim of right is a defense to robbery.

The court denied the request, explaining that substantial evidence did not support the instruction. The court added that usually such instruction is supported by "testimony that something was taken from the defendant and they sent someone to go get it or there's -- something that's much more substantial . . . ."

The jury convicted defendant of two counts of attempted robbery (Pen. Code, §§ 664/211) and, as to each count, found true the allegation that he had used a deadly

2

weapon in the commission and attempted commission of the offense (Pen. Code, § 12022, subd. (b)(1)).

## DISCUSSION

On appeal, defendant contends the trial court deprived him of his right to present a defense by refusing to instruct the jury on the claim of right defense. He reasons that he told the victims he had a right to the money. Even if he was mistaken, a good faith belief was a defense to the robbery charges. By denying the instruction, the jury could not consider his subjective belief, and accordingly, he was deprived of his right to present a defense. Defendant is mistaken.

The claim of right defense does not apply to the use of force or fear to satisfy a debt. (*People v. Tufunga* (1999) 21 Cal.4th 935, 955-956 (*Tufunga*).) Claim of right negates intent for theft or robbery where a defendant believes in good faith (even if mistaken) that he has a right to property he takes from another. (*Id*. at p. 938.) But it does not extend to "robberies perpetrated to satisfy, settle or otherwise collect on a debt, liquidated or unliquidated—as opposed to forcible takings intended to recover specific personal property in which the defendant in good faith believes he has a bona fide claim of ownership or title . . . ." (*Id*. at p. 956.) "[B]ecause of the strong public policy militating against self-help by force or fear, courts will not recognize a good faith defense to the satisfaction of a debt when accomplished by the use of force or fear." (*Id*. at p. 955.) Indeed, "the proper forum for resolving debt disputes is a court of law, pursuant to legal process—not the street, at the business end of a lethal weapon." (*People v. Butler* (1967) 65 Cal.2d 569, 577 (dis. opn. of Mosk, J.), overruled on other grounds by *Tufunga*, *supra*, 21 Cal.4th at p. 956.)

Here, defendant's proffered claim of right defense is precisely the scenario our Supreme Court has considered and rejected. Even if defendant believed in good faith that the victims owed him money, it would not absolve him of robbery. "[T]aking money

from a debtor by force to pay a debt is robbery." (*Tufunga*, *supra*, 21 Cal.4th at p. 955.) Accordingly, the trial court properly refused defendant's requested instruction.

## DISPOSITION

We affirm the judgment.

            RAYE         , P. J.

We concur:

      BLEASE      , J.

      NICHOLSON   , J.